PeaRson, J.
 

 The bill sets orrt a deed executed by the plaintiff to the defendant in 1841. It recites that the plaintiff has received from the defendant, the sum of $50, in consideration whereof, he conveys to the defendant, “ as a mortgage or pledge, to hold as security for the money,” four tracts of land in Macon county, for which he held certificates of purchase from the State ; the certificates are delivered to the defendant, but no words of limitation are used. The deed further sets out, that the defendant
 
 “
 
 is to have said land by paying ing $125 more; otherwise the plaintiff may redeem by paying the $50, with interest, by next fall.”
 

 The object of the bill is to set up the plaintiff’s equity under this deed, and to this end, to have an account, &c.
 

 
 *477
 
 Tlie defendant, in Ins first answer, does not set up any ground upon which to defeat the plaintiff’s equity as a "bar, or legal defense; hut he alleges many facts upon which he disputes the plaintiff’s right to recover any thing; in regard to all of which facts, replication is taken, and the parties are at issue. The defendant afterwards files a supplemental answer, in which he alleges that, since filing his first answer, the plaintiff’s equity of redemption had been exposed to sale hy the sheriff, under execution for certain costs incurred in an action at law by the plaintiff against the defendant, concerning these lands, in which the plaintiff failed, and the defendant had judgment; at which sale the defendant became the purchaser of the plaintiff’s equity of redemption, which was duly conveyed to him hy the sheriff’s deed, and this is set up as a bar to the plaintiff’s equity.
 

 The only question now before us is, had the plaintiff such an equity of redemption as was liable to he sold under the provisions of the Act of 1812 ?
 

 In
 
 Camp
 
 v.
 
 Cox,
 
 1 Dev. and Bat. 52, the proper construction of the Act of 1812 is very fully discussed. The Court, upon reasoning which is conclusive, holds that the Act is to be construed strictly, and that its general words must he restrained, so as not to extend its operation to cases which do not come within its moaning, or the mischief intended to he remedied; and it is decided that a sale of the equity redemption, under an execution at law, at the instance of the mortgagee, for his mortgage debt, is not sanctioned hy the Act. Whether the mortgagee may sell under execution for any other debt, not secured hy the mortgage, is doubted; and many considerations are suggested why such a case does not come within the meaning of the Act. We think these considerations have much force, hut will not put our decision upon that question, as there are other grounds on which we think the plaintiff is clearly entitled to a decree, and that the purchase by the defendant can have no other effect than to give a security for the amount of the judgment under which he purchased.
 

 
 *478
 
 Erom the principles established by
 
 Camp
 
 v.
 
 Cox,
 
 and general reasoning, we are clearly of opinion that an equity of redemption cannot be sold under the Act of 1812, unless it is absolute, undisputed, and grows out of a perfect mortgage. In our case, the plaintiff’s interest was not an equity of redemption of the kind above described in either of these particulars.
 

 1. It was not absolute. "Whether he had a right to redeem or not, depended upon a condition precedent; for the defendant was entitled to have the entire estate absolutely, if he elected to pay the sum of $125, in addition to the $50.
 

 2. It was not undisputed. It abundantly appears from the testimony as well as from the defendant’s first answer, that he disputed the plaintiff’s rights ; and the parties were at issue about almost every thing; when the plaintiff offered to redeem, the defendant refused, because he had taken possession ; and when required to pay the $125, he refused, because he had already paid
 
 enough;
 
 in fact, the parties differed so entirely that they could not even agree to the terms of a submission to arbitration, by which, at one time, it was proposed to attempt a settlement of the several matters in controversy.
 

 8. It was not a perfect mortgage, that is, one where the legal title passes to the mortgagee, hut an imperfect one, under the class which Adams, at page 123, terms the “ mortgage of an equity as where the mortgagor mortgages his equity of redemption. In our case the legal title was in the State, and the plaintiff held a certificate which entitled him to a grant, uj>on the payment of the balance of the purchase-money. Suppose a mortgagor mortgages his equity of redemption; he then has a second equity of redemption ; surely it was not the meaning of the statute to subject this second equity to execution sale; for the matter has become .doubly complicated, and it would be more so, upon a third or fourth mortgage. In like manner, the defendant, having paid a part, or the whole of the balance of the purchase-money to the State, caused this matter to be more complicated ; and upon the whole, it is clear, that if, under all these circumstances, the defendant could have the plaintiff’s equity of redemption exposed to
 
 *479
 
 sale by tbe sheriff, he could buy it at his own price ; for no third person, of sane mind, would have the hardihood to make
 
 “
 
 a bid in the dark.” Snch a construction of the statute would amount to a mockery of justice.
 

 The plaintiff is entitled to a decree putting the defendant to his election, either to pay the $125, and interest, in which event the plaintiff will execute a proper deed to transfer the entire interest in fee simple ; or to allow the plaintiff to redeem ; in which event there will be a reference for an account.
 

 Pee OuetaM. Decree accordingly.