*119
 
 PeassoN, J.
 

 Upon the facts admitted by the demurrer, the plaintiff is entitled to the relief prayed for.
 
 Green
 
 v.
 
 Campbell,
 
 2 Jones’ Eq. 447, is directly in point. It is true that the plaintiff, having taken a covenant of quiet enjoyment, could maintain an action at law, and recover damages, but that remedy would be inadequate, and this Court will not force the plaintiff to resort to it for two reasons : If the plaintiff sued the defendant, as administrator of the warrantor, the only assets with which he could charge him, would be the amount of the note in controversy, and the defendant might discharge himself by proving a payment of the assets to a debt of equal dignity, and thereby sustain the plea of “no assets and if that was not done, then the only result of allowing the defendant to collect the judgment on the note, would be to entitle the plaintiff to recover it back in his action on the warranty, which would be a useless multiplication of actions, and a vexatious accumulation of costs; or if the plaintiff resorted to his right of action against the heirs-at-law, who are non-residents, upon the warranty of their ancestor, he might be met with the plea “
 
 mens per descent
 
 y” and, at all events, this Court will not, without a reason for it, drive the plaintiff to seek redress in the Courts of another State, when a less circuitous and a better remedy can be given in our own Courts at less.cost.
 

 But, in the second placeras to the tract in grant No. 1458, containing three lninjdreff'ácres, there is an entire failure of consideration, ancl'ut is against conscience to collect the note of $300, when, by the demurrer, it is admitted that the plaintiff received nothing therefor.
 

 The allegations set out in the defendant’s answer, if consistent with 'the proper construction of the deed, would have met the plaintiff’s equity. But such is not the fact. The legal effect of the deed is to convey all the land contained in the grants which are referred to, viz., Nos. 1386 and 1458, for the sum of $800, and this construction of the deed cannot be varied by proof,
 
 dehors,
 
 that the parties intended to sell the land at one dollar per acre, so that if more than eight hun
 
 *120
 
 dred acres were conveyed, an additional sum, corresponding with the increase in acres, at tire rate of one dollar per acre, was to be paid, and if a less quantity, then a similar deduction from the sum of $800.
 

 The plaintiff is entitled to a decree for a release and a perpetual injunction, and to'his costs.
 

 PeR Cubiam. Decree accordingly.