We have no hesitation in denying to the plaintiff the relief which he seeks. It is clearly proved, that at the time he purchased the tract of land, mentioned in the pleadings, he had full knowledge of the incumbrance of which he complains, and we very much suspect, that when he prepared the deed for an absolute conveyance, he intended, if he could get the bargainor to execute it, to take an unfair advantage of him. His remarks made at various times, to different persons, show that he thought he had got a bargain of the defendant, and that he was determined to make the most of it. If the covenants contained in his deed can avail him at law, let him seek a remedy there. This Court will certainly not aid him in his intended sharp practice.
But independently of his failure upon the merits of his case, the plaintiff has not, by his own bill, shown himself entitled to relief in a court of equity. He has alleged, indeed, in his bill that the defendant is a resident of the State of Arkansas, but he has altogether omitted to aver that he had no property or effects in this State, out of which (360) to make good the damages which might be recovered in an action on the covenant for quiet enjoyment. This omission we deem fatal to his right to come into this Court for relief. See Green v. Campbell,55 N.C. 477; Richardson v. Williams, 56 N.C. 116.
PER CURIAM. Bill dismissed with costs. *Page 280